1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   TERRENCE A. CALLAN (CA Bar No. 036305)
2   terrence.callan@pillsburylaw.com
   ALBERT J. BORO, JR. (CA Bar No. 126657)
3   albert.boro@pillsburylaw.com
   RYAN K. TAKEMOTO (CA Bar No. 221169)
4   ryan.takemoto@pillsburylaw.com
   50 Fremont Street
5  San Francisco, CA  94105
   Telephone: (415) 983-1000
6  Facsimile: (415) 983-1200

7  Attorneys for Defendants
   HYNIX SEMICONDUCTOR INC. and
8  HYNIX SEMICONDUCTOR AMERICA INC.

9

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13  _____
                                            )
14  HONEYWELL INTERNATIONAL, INC.,          )   No. C-06-2917 PJH
                                            )
15                        Plaintiff,        )   **STIPULATION AND [~~PROPOSED~~]**
                                            )   **PROTECTIVE ORDER**
16         v.                               )
                                            )
17  HYNIX SEMICONDUCTOR, INC., et al.,      )
                                            )
18                        Defendants.       )
    _____)
19

20         WHEREAS, the parties may have proprietary information and documents that are

21  not in the public domain and are confidential, the unrestricted disclosure of which may

22  cause undue irreparable damage to the parties and their respective businesses; and

23         WHEREAS, one of the purposes of this Protective Order is to protect the

24  confidentiality of such information and documents; and

25         WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of

26  protective orders limiting the disclosure of certain information in appropriate

27  circumstances; and

28

1    WHEREAS, the parties have agreed to protect the confidentiality of such

2  information in accordance with the following terms and conditions:

3    1.    Documents that contain non-public information may be designated as

4  "Confidential" or "Highly Confidential" in the manner described below, so long as the

5  materials concern the producing party's trade secrets or other confidential research and

6  development or commercial information, or information which the producing party

7  otherwise has compelling need for confidentiality.  This includes, without limitation:

8  (a) documents, exhibits, answers to interrogatories, responses to requests for admissions

9  and deposition transcriptions and all original written, recorded, graphic or electronic

10  matters (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts

11  or summaries of such information, and the information itself, or (c) any pleading, affidavit,

12  declaration, brief, motion, transcript or other writing containing such information

13  (subsections (a) to (c) collectively referred to herein as "Litigation Materials"), all of which

14  may be designated as "Confidential" or "Highly Confidential" under this Protective Order,

15  as appropriate.  Further, Litigation Materials previously designated "Confidential" or

16  "Highly Confidential" by the parties pursuant to the protective order entered by the court in

17  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, U.S.D.C. Northern

18  District of California, Case No. 02-1486 PJH, on July 11, 2003, or pursuant to the

19  protective order entered by the court in *Sun Microsystems, Inc. v. Hynix Semiconductor,*

20  *Inc., et al.,* Case No 06-016655 PJH, on August 21, 2006, as amended, shall receive all the

21  protections afforded "Confidential" or "Highly Confidential" Litigation Materials under

22  this Protective Order.

23    2.    Only non-public documents produced in discovery may be designated as

24  "Confidential" or "Highly Confidential."  Accordingly, "Confidential" or "Highly

25  Confidential" materials shall not include any documents concerning information that at any

26  time has been:  (a) produced, disclosed or made available to the public or otherwise

27  available for public access; or (b) disclosed in connection with any governmental public

28  filing or securities offering and could not reasonably be assumed to be or have been

1    intended to be kept confidential.  Documents containing trade secrets, or other confidential

2    research and development or proprietary business information, the disclosure of which to

3    other parties might competitively disadvantage the producing party, may be designated as

4    "Highly Confidential."  Any document concerning information that has not been preserved

5    or maintained in a manner calculated to preserve its confidentiality shall not be designated

6    as "Confidential" or "Highly Confidential."  Notwithstanding the foregoing, a producing

7    party may designate as "Confidential" or "Highly Confidential" any documents transmitted

8    or disclosed to any governmental entity pursuant to a written confidentiality agreement or

9    which is protected as confidential by statute, rule or regulation.

10         3.      All "Highly Confidential" or "Confidential" Litigation Materials shall be

11   used by the parties and their counsel solely for the purpose of the prosecution or defense of

12   this litigation, Case No. C06-02917 PJH, including preparing for and conducting pre-trial

13   proceedings in this action.  Litigation Materials designated as "Confidential" or "Highly

14   Confidential" shall not be disclosed to anyone except as provided herein and the contents

15   thereof shall not be used for any business, commercial or competitive purpose, or used in

16   any manner in any other case, litigation or proceedings whether or not factually related to

17   this action.

18         4.      (a)     Parties shall designate documents in good faith, and shall not

19   indiscriminately designate documents, so that produced documents are not over-designated

20   as "Confidential" or "Highly Confidential."  Any party may object in good faith to the

21   designation of Litigation Materials.  The process for resolving disputes as set forth below

22   presumes this good faith in the initial designations, objections and meet and confer process.

23   The following process will apply to resolution of disputes hereunder:

24   1) any party who objects to a designation by a producing party shall state concisely the

25   basis for those objections in a letter to the producing party which said letter shall not exceed

26   5 pages; 2) the letter need only be served by fax on the producing party to start this process;

27   3) the objecting party and producing party shall have ten days from the date the letter is

28   faxed to meet and confer to resolve the objections and/or narrow issues to be briefed; 4) any

1   objections not so resolved shall be the subject of a regularly noticed motion filed by the

2   objecting party, but the producing party shall have the burden to support the contested

3   designations; 5) said motion shall be filed and served no later than thirty days after the meet

4   and confer period ends; 6) the objecting party shall be allowed to file an extended reply

5   brief of up to 15 pages, unless leave of Court is obtained to file a longer reply brief; and 7)

6   only the objecting and producing parties shall file briefs, but other parties may file a two-

7   page brief, unless leave of Court is obtained to file a longer brief.

8          (b)     In addition to the procedures described above, the following shall

9   apply to the process: 1) a party shall not be obligated to challenge the propriety of a

10  confidential designation at the time that designation is made, and failure to so challenge

11  does not preclude a subsequent challenge; 2) with the permission of the Court, either the

12  producing or objecting party may request a short informal discovery conference to be held

13  telephonically with the Court in order to avoid the need for any motion; 3) said conference

14  shall be held during the ten-day meet and confer period, or the thirty-day period for

15  bringing the motion in accordance with the convenience of the Court; 4) if the producing

16  party does not oppose the motion, then designations which are the subject of the objections

17  are declassified; and 5) the parties will attempt in good faith to combine as many issues

18  under this Protective Order as possible so that said matters can be handled efficiently and

19  effectively, and the parties further reserve the right to request, for good cause shown,

20  additional time to file any motion.

21         5.      Any Litigation Materials the designation of which is subject to such dispute

22  shall be treated as "Confidential" or Highly Confidential" as designated by the producing

23  party pending resolution of the dispute by this Court.

24         6.      If any party or non-party uses Litigation Materials designated as

25  "Confidential" or "Highly Confidential" pursuant to this Protective Order during the course

26  of a deposition herein, that portion of the deposition record reflecting such "Confidential"

27  or "Highly Confidential" information shall be stamped as "Confidential" or "Highly

28  Confidential" and access thereto shall be limited pursuant to the other terms of this

1  Protective Order.  Counsel may invoke the provisions of this Protective Order by stating on

2  the record during the deposition that testimony given at the deposition is designated

3  "Confidential" or "Highly Confidential," or by designating the deposition transcript or

4  portions thereof as "Confidential" or "Highly Confidential" before the time expires within

5  which the witness may sign the deposition transcript.  No person shall be present during

6  portions of the depositions designated "Confidential" or "Highly Confidential," unless such

7  person is authorized under the terms of this order to receive Litigation Materials containing

8  such confidential information or unless the producing party consents to such person being

9  present.  All information disclosed during a deposition shall be deemed to have been

10  designated "Highly Confidential" until the time within which the witness may sign the

11  transcript expires, whether or not any portion of the transcript has been so designated

12  previously.

13      7.      Nothing in this Order affects the right of the party or non-party that

14  produced "Confidential" or "Highly Confidential" Litigation Materials to use or disclose

15  such information in any way.  Such disclosure shall not waive the protections of this

16  Protective Order and shall not entitle other parties, non-parties or their attorneys to use or

17  disclose such information in violation of the Protective Order, except that if the producing

18  party uses such materials in a manner inconsistent with their confidential status, then that

19  shall serve as a basis to object to the designation and said objections shall be resolved as set

20  forth in paragraph 4 above.

21      8.      In the event that documents or Litigation Materials are produced by another

22  person which are actual copies of documents or other Litigation Materials which a party has

23  produced and designated "Confidential" or "Highly Confidential," that party may designate

24  such materials under this Protective Order even if they have not been so designated by the

25  person producing them.  To the extent that a person produces documents which are not

26  actual copies of documents previously produced and designated by a party but which

27  contain a party's "Confidential" or "Highly Confidential" information, a party may

28  designate those documents, or portions thereof as may be appropriate, as "Confidential" or

1   "Highly Confidential, subject to the dispute resolution process set forth in paragraph 4

2   above.  Said designations shall be made as soon as reasonably possible, and shall contain

3   the Bates stamp number(s) of the portions of the documents designated, the nature of the

4   designations, and if an entire document is designated, which portions of the document

5   contain the information supporting the designation so that an objecting party may determine

6   what information is specifically at issue.

7          9.      Litigation Materials marked or treated as "Confidential" or copies or extracts

8   therefrom and the information therein, may be given, shown, made available to, or

9   communicated to only the following:

10                 a.      the Court, all Court personnel, any discovery referee or any

11   settlement mediator;

12                 b.      court reporters and videographers who record depositions or other

13   testimony in this action;

14                 c.      named parties including an officer, director or in-house counsel of a

15   named party or its affiliated companies;

16                 d.      other employees of a named party or its affiliated companies, but

17   only for the specific purpose of working directly on the litigation at the request or at the

18   direction of counsel;

19                 e.      outside counsel for the named parties and employees of such counsel

20   to whom it is necessary that the Litigation Materials be shown for purposes of this

21   litigation;

22                 f.      pursuant to the provision of paragraph 12(a), consultants and experts

23   to whom it is necessary that the Litigation Materials be shown for purpose of assisting

24   counsel in this litigation;

25                 g.      deposition witnesses;

26                 h.      employees of copying, imaging and computer services for the

27   purpose of copying, imaging or organizing documents provided that all documents

28

1   designated as "Confidential" are retrieved by the party furnishing those documents upon

2   completion of the services;

3           i.     any other person upon the written agreement of the party or non-

4   party who designated the Litigation Materials as "Confidential" (which agreement may be

5   recorded in a deposition or other transcript), or pursuant to court order; and

6           j.     the author, addresses and recipient of the documents or any person

7   who would have had access to such information by virtue of his/her employment.

8       10.    Litigation Materials marked or treated as "Highly Confidential" or copies or

9   extracts therefrom and the information therein, may be given, shown, made available to or

10   communicated to only the following:

11          a.     the Court, all Court personnel, any discovery referee or any

12   settlement mediator;

13          b.     Court reporters and videographers who record depositions or other

14   testimony in this action;

15          c.     employees of copying, imaging and computer services for the

16   purpose of copying, imaging, or organizing documents provided that all documents

17   designated as "Highly Confidential" are retrieved by the party furnishing those documents

18   upon completion of the services;

19          d.     counsel of the law firms signing this stipulation or employees of such

20   counsel to whom it is necessary that the Litigation Material be shown for purposes of this

21   litigation;

22          e.     in-house counsel for a named party or its affiliated companies, so

23   long as this in-house counsel has executed the Agreement attached hereto as Exhibit A,

24   provided, however, that if (i) such person is an in-house counsel for a party that is a

25   defendant in this action or for an affiliated company of a defendant and (ii) the "Highly

26   Confidential" documents have been produced by a defendant, then such in-house counsel

27   must be approved in writing by the producing defendant to receive its "Highly

28   Confidential" documents, unless otherwise ordered by the Court;

1    f.  pursuant to the provisions of paragraph 12(a)-(c), consultants and

2 experts to whom it is necessary that the Litigation Materials be shown for purposes of

3 assisting counsel in this litigation; and

4    g.  the author, addressees and recipients or any person who would have

5 had access to such information by virtue of his/her employment as well as deposition

6 witnesses presently employed by the party producing the highly confidential document.

7   11. If a party in this litigation other than the producing party desires to give,

8 show, make available or communicate any Litigation Materials marked or treated as

9 "Confidential" or "Highly Confidential" to any person who is not specifically authorized

10 pursuant to the terms of this Protective Order to have access to such Litigation Materials,

11 the party intending to disclose the materials shall notify the producing party of such intent

12 no less than three business days prior to the intended disclosure.  Said notification shall be

13 sufficiently specific to inform the producing party of the intended scope of the disclosure,

14 including the name and/or job description of the person to whom such disclosure is

15 intended.  The parties will then attempt to negotiate the terms of disclosure within two

16 business days of the notification.  If no agreement can be reached during this shortened

17 meet and confer period, then this dispute shall be the subject of regularly noticed motion

18 filed by the objecting party with the producing party bearing the burden to support

19 nondisclosure, pursuant to the dispute resolution procedure in paragraph 4 above, except

20 that any party may move on an ex parte or expedited basis for an order shortening time if a

21 scheduled deposition or Court date could be delayed or cancelled.  This paragraph does not

22 apply to "Highly Confidential" documents which are used at deposition or trial in good faith

23 for impeachment purposes only; provided, however, that the party desiring to use, pursuant

24 to this exception, a "Highly Confidential" document for impeachment purposes at a

25 deposition shall alert the producing party at least 48 hours in advance of its intent to use the

26 "Highly Confidential" document under this exception, and then the requesting party and the

27 producing party shall meet and confer in good faith to address confidentiality concerns and

28 appropriate redactions, with any dispute being brought to the Court's attention for resolution

1   on an expedited basis (by telephone conference or other means directed by the Court) in

2   which only the requesting party and the producing party have notice or participate, so that

3   the deposition is not delayed.  If such a proceeding were to occur, the requesting party shall

4   provide written notice of the fact of the proceeding and the production number of the

5   "Highly Confidential" document at issue to the other parties to the action immediately after

6   the conclusion of the deposition in which the request arose.  A producing party who is

7   notified of a request to use a "Highly Confidential" document for impeachment purposes,

8   pursuant to this paragraph, shall not disclose the fact of that request or the document or its

9   contents to the deposition witness, the attorney for the deposition witness, or any other

10  party to this action.

11      12.      (a)      If any party wishes to disclose Litigation Materials produced by any

12  other party and designated "Confidential" or "Highly Confidential" to any expert or

13  consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A.

14  Nothing in this Protective Order shall require that non-testifying experts or consultants be

15  deposed or otherwise be the subject of discovery.

16              (b)      If any party desires to disclose a defendant's information designated

17  "Highly Confidential" to any expert or consultant pursuant to paragraph 10(f) above, and

18  that expert or consultant, in the five years prior to the date this Order is entered, has worked

19  for one of the defendants (or their predecessors) then and only then, that party must first

20  identify in writing to the attorneys for the producing party that expert or consultant and a

21  general description of the nature of that engagement sufficient to allow the producing party

22  to determine if it will object to the disclosure of its "Highly Confidential" information to

23  that expert or consultant, unless the producing party agrees to permit disclosure without

24  such information. The attorney for the producing party shall have five (5) days from receipt

25  of such notice to undertake the dispute resolution procedures set forth in paragraph 4 above,

26  and any objections not informally resolved shall be the subject of a regularly noticed

27  motion by the producing party who shall have the burden to support the restriction on

28  dissemination of its "Highly Confidential" information to that expert or consultant.

1          (c)     Such identification shall include the full name, professional address

2   and affiliation of the expert or consultant, the present and prior employments or

3   consultancies of the expert or consultant and work done for defendants and/or their

4   predecessors (other than work done for the party engaging that expert or consultant in this

5   litigation).

6          13.     Each person (except for the Court, Court personnel, any discovery referee,

7   any settlement mediator, court reporters and videographers and copying, imaging and

8   computer service employees) provided access to Litigation Materials marked

9   "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order shall,

10   before gaining such access, receive a copy of this Protective Order and, as to those persons

11   described in paragraphs 9 and 10 shall sign an agreement in the form attached hereto as

12   "Exhibit A" or shall agree to be bound by the terms of this Protective Order on the record at

13   a deposition or hearing in this litigation.  A file shall be maintained by each attorney of

14   record for a party of all written agreements signed by persons who have received such

15   Litigation Materials from that party or persons affiliated with that party.

16          14.     Each witness in a deposition shall be provided with a copy of this Order at

17   the start of the examination and shall be advised on the record that he or she is bound by the

18   terms of this Order and applicable remedies under law for violating the terms of this Order.

19          15.     Litigation Materials designated "Confidential" or "Highly Confidential,"

20   when filed with pleadings or as evidence, shall be sealed in conformance with Local Rule

21   79-5.

22          16.     "Confidential" and "Highly Confidential" Litigation Materials shall maintain

23   such protections and designations in connection with any trial in this matter.  Before the

24   trial begins, the parties will meet and confer in good faith as part of the pre-trial conference

25   statement process to put into place a procedure for identification of and use of

26   "Confidential" and "Highly Confidential" documents at trial.  Any documents which

27   remain "Confidential" or "Highly Confidential" before trial shall maintain their status

28   through the time of the pre-trial conference or resolution of the procedures described above.

1    17.    The provisions of this Order may be modified at any time by stipulation of

2  the parties approved by order of the Court.  In addition, a party may at any time apply to the

3  Court for modification of this Protective Order pursuant to a motion brought in accordance

4  with the rules of the Court.  Nothing in this Stipulation and Order shall constitute:  (i) an

5  agreement by any party to produce any documents or other materials in discovery not

6  otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure;

7  (ii) a waiver by any person or party of any right to object to or seek a further protective

8  order with respect to any discovery in this or any other action; or (iii) a waiver of any claim

9  of immunity or privilege with respect to any testimony, document or information.

10    18.    In the event that Litigation Materials designated as "Confidential" or

11  "Highly Confidential" are disclosed to someone not authorized under the terms of this

12  Protective Order to receive such information, counsel of record for the party involved shall

13  immediately give notice to counsel of record for the party who designated the Litigation

14  Materials as "Confidential" or "Highly Confidential," and shall also describe the

15  circumstances surrounding the unauthorized disclosure.  If a party fails to treat documents

16  designated as "Confidential" or "Highly Confidential" in the manner provided herein, the

17  party should immediately take such steps as are necessary to have such items placed under

18  seal and/or restored to their confidential status.

19    19.    In the event that Litigation Materials claimed to be "Confidential" or

20  "Highly Confidential" are inadvertently produced without the appropriate designation, such

21  documents and copies thereof shall be returned to the producing party within five days of

22  any written notice requesting their return to affix the appropriate designation or

23  immediately stamped "Confidential" or "Highly Confidential" as requested by the

24  producing party.  The receiving party may challenge the confidential nature of the

25  documents, but the inadvertent production of the documents, or the giving of testimony,

26  claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of the

27  confidentiality designation.

28

1      20.    Inadvertent production of any document produced in this action by any party

2  or non-party that a party or non-party later claims should have been withheld on grounds of

3  a privilege, including the work product doctrine (collectively referred to as an

4  "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege

5  or work product protection.  A party or non-party may request the return of any document

6  that it inadvertently produced by identifying the Inadvertently Produced Privileged

7  Document and stating the basis for withholding such document from production and

8  providing any other information that would be listed on a supplemental privilege log

9  disclosing the document.  If a party or non-party requests the return, pursuant to this

10  paragraph, of such an Inadvertently Produced Privileged Document then in the custody of

11  one or more parties, the possessing parties shall within three business days return to the

12  requesting party or non-party the Inadvertently Produced Privileged Document and all

13  copies thereof and shall expunge from any other document or material information solely

14  derived from the Inadvertently Produced Privileged Document.  After a document is

15  returned pursuant to this paragraph, a party may move the Court for an order compelling

16  production of the document

17      21.    Within sixty days following termination of this litigation (including the final

18  resolution of any appeals), the original and all copies, whether exact copies or compilations,

19  digests or non-exact copies in any form, of Litigation Materials designated as

20  "Confidential" or "Highly Confidential" shall be returned to the party who produced such

21  documents or may be disposed of in some other manner that is mutually agreeable among

22  the parties.  Notwithstanding this, however, counsel of record may retain their file copies of

23  all court filings, deposition or hearing transcripts and exhibits, and correspondence,

24  provided that counsel of record continues to treat all "Confidential" or "Highly

25  Confidential" Litigation Materials in the manner provided for in this Protective Order.

26      22.    The termination of proceedings in this action shall not thereafter relieve the

27  parties from the obligation of maintaining the confidentiality of all Litigation Materials

28  designated as "Confidential" or "Highly Confidential" which are received pursuant to this

1   Protective Order, and are not used at trial, or are used at trial under restriction designed to

2   exclude from the public record those portions of the Litigation Materials that were

3   designated as "Confidential" or "Highly Confidential."  This provision shall not apply to

4   any Litigation Materials that are the subject of a superseding ruling of the Court as to the

5   scope of their disclosure.  The Court shall retain jurisdiction to enforce and/or modify this

6   Protective Order.

7       23.    The terms of this Protective Order shall apply to discovery directed to non-

8   parties to this Litigation, and such non-parties may specifically invoke or waive the terms

9   and protections of this Protective Order.  To the extent that any discovery is served on a

10   non-party, the party serving the discovery shall provide the non-party with a copy of this

11   Protective Order and specifically mention the non-party's right to invoke or waive the terms

12   of this Protective Order.

13       24.    The parties acknowledge that, by entering into this Stipulation, the parties do

14   not waive any claims or defenses, including defenses regarding the service of plaintiff's

15   complaint or jurisdiction.

16   Dated: November 20, 2006          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                       TERRENCE A. CALLAN
17                                     ALBERT J. BORO, JR.
                                       RYAN K. TAKEMOTO
18                                     50 Fremont Street
                                       San Francisco, CA  94105
19                                     (415) 983-1000 (Telephone)
                                       (415) 983-1200 (Facsimile)
20

21                                     By:    /s/ Albert J. Boro, Jr.
                                                Albert J. Boro, Jr.
22

23                                     Attorneys for Defendants Hynix Semiconductor Inc.
                                       and Hynix Semiconductor America Inc.

24

25

26

27

28

1

Dated: November 20, 2006

JENNER & BLOCK LLP
TERRENCE J. TRUAX
DONALD HARRIS
GABRIEL FUENTES
BRIAN C. HAUSSMAN
330 N. Wabash Avenue
Chicago, IL 60611-7603
312-222-9350 (Telephone)
312-527-0484 (Facsimile)

By:   /s/ Terrence J. Truax
            Terrence J. Truax

KRIEG KELLER SLOAN REILLEY & ROMAN LLP
KENNETH E. KELLER
MICHAEL D. LISI
114 Sansome Street, 4th Floor
San Francisco, CA  94104
(415) 249-8330 (Telephone)
(415) 249-8333 (Facsimile)

Attorneys for Defendants
Mitsubishi Electric Corporation, and Mitsubishi
Electric and Electronics USA, Inc.

Dated: November 20, 2006

TOPEL AND GOODMAN
WILLIAM GOODMAN
ANDREA DESHAZO
RAPHAEL GOLDMAN
832 Sansome Street, 4th Floor
San Francisco, CA  94111
(415) 421-6140 (Telephone)
(415) 398-5030 (Facsimile)

By:   /s/ Andrea DeShazo
            Andrea DeShazo

Attorneys for Defendants
Mosel Vitelic Inc. and
Mosel Vitelic Corporation

1      Dated: November 20, 2006       ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         ROBERT E. FREITAS

2                                                            HOWARD ULLMAN
                                                         NA'IL BENJAMIN

3                                                            CYNTHIA WICKSTRON
                                                         E. ANNE HAWKINS

4                                                            1000 Marsh Road
                                                          Menlo Park, CA 94025-1015

5                                                            (650) 614-7400 (Telephone)
                                                         (650) 614-7401 (Facsimile)

6

7                                                 By:    /s/ Na'il Benjamin

8                                                          Na'il Benjamin

9                                                 Attorneys for Defendants Nanya Technology
                                              Corporation and Nanya Technology Corporation (USA)

10

11     Dated: November 20, 2006       FINNEGAN HENDERSON FARABOW
                                                         GARRETT & DUNNER LLP

12                                                STEVEN MORRISSETT
                                              Stanford Research Park

13                                                3300 Hillview Avenue
                                              Palo Alto, CA 94304-1203

14                                                (650) 849-6600 (Telephone)
                                              (650) 849-6666 (Facsimile)

15

16

17                                                By:    /s/ Steven Morrissett
                                                    Steven Morrissett

18                                                COLLETTE ERICKSON FARMER & O'NEILL LLP
                                              WILLIAM S. FARMER, JR.

19                                                235 Pine Street, Suite 1300
                                              San Francisco, CA  94104

20                                                (415) 788-4646 (Telephone)
                                              (415) 788-6929 (Facsimile)

21

22                                                Attorneys for Defendants Winbond Electronics
                                              Corporation and Winbond Electronics Corporation
                                              America

23

24

25

26

27

28

1     Dated: November 20, 2006        SIMPSON THACHER & BARTLETT LLP
                                         HARRISON J. FRAHN

2                                         JAMES G. KREISSMAN
                                         2550 Hannover Street

3                                         Palo Alto, CA  94304
                                         (650) 251-5000 (Telephone)

4                                         (650) 251-5002 (Facsimile)

5

6                                         By:   /s/ Harrison J. Frahn
                                              Harrison J. Frahn

7                                         Attorneys for Defendants Elpida Memory, Inc. and

8                                         Elpida Memory (USA) Inc.

9

10    Dated: November 20, 2006        KAYE SCHOLER LLP
                                         ATON ARBISSER

11                                         JULIAN BREW
                                        1999 Avenue of the Stars

12                                         Suite 1700
                                        Los Angeles, CA 90067-6048

13                                         (310) 788-1000 (Telephone)
                                        (310) 788-1200 (Facsimile)

14

15                                         By:  /s/ Julian Brew
                                            Julian Brew

16

17                                         Attorneys for Defendants
                                        Infineon Technologies, AG and Infineon Technologies

18                                         North America Corporation

19

20

21

22

23

24

25

26

27

28

1    Dated: November 20, 2006              MCDERMOTT WILL & EMERY LLP
                                           DANIEL E. ALBERTI
2                                          3150 Porter Dr.
                                           Palo Alto, CA  94304
3                                          (650) 813-5000 (Telephone)
                                           (650) 813-5100 (Facsimile)
4

5                                          MCDERMOTT WILL & EMERY LLP
                                           CRAIG SEEBALD
6                                          BOBBY R. BURCHFIELD
                                           RICHARD W. SMITH
7                                          600 13th Street, N.W.
                                           Washington, DC 20005
8                                          (202) 756-8000 (Telephone)
                                           (202) 756-8087 (Facsimile)
9

10
                                           By:    /s/ Craig Seebald
11                                                Craig Seebald

12                                         Attorneys for Defendants
                                           Hitachi, Ltd.; Hitachi America, Ltd.; and Renesas
13                                         Technology America, Inc. f/k/a Hitachi Semiconductor
                                           (America) Inc.
14

15   Dated: November 20, 2006              THELEN REID & PRIEST LLP
                                           ROBERT B. PRINGLE
16                                         PAUL R. GRIFFIN
                                           JONATHAN E. SCHWARTZ
17                                         101 Second Street, Suite 1800
                                           San Francisco, CA 94105
18                                         (415) 369-7307

19

20                                         By:    /s/ Paul R. Griffin
                                                  Paul R. Griffin
21

22                                         Attorneys for Defendants NEC Corporation and NEC
                                           Electronics America, Inc.
23

24

25

26

27

28

1

Dated: November 20, 2006

SHEPPARD MULLIN RICHTER & HAMPTON LLP
GARY L. HALLING

2

MONA SOLOUKI
Four Embarcadero Center, 17th Floor

3

San Francisco, CA 94111
(415) 434-9100 (Telephone)

4

(415) 434-3947 (Facsimile)

5

6

By:   /s/ Mona Solouki
           Mona Solouki

7

Attorneys for Defendant Samsung Electronics

8

Company, Ltd.

9

10

Dated:  November 20, 2006

LINDQUIST & VENNUM PLLP
JAMES M. LOCKHART
JAMES P. MCCARTHY

11

4200 IDS Center
80 South 8th Street

12

Minneapolis, MN 55402
(612) 371-3211 (Telephone)

13

(612) 371-3207 (Facsimile)

14

15

By:    /s/ James P. McCarthy
           James P. McCarthy

16

SELLAR HAZARD MCNEELY & MANNING

17

JAMES F. FICENEC
1111 Civic Drive, Suite 300

18

Walnut Creek, CA 94596

19

Attorneys for Plaintiff Honeywell International, Inc.

20

21

22

23

24

25

26

27

28

1

**<u>ATTESTATION</u>**

2      I attest that signatories Albert J. Boro, Jr., Terrence J. Truax, Andrea DeShazo, Na'il

3  Benjamin, Steven Morrissett, Harrison J. Frahn, Julian Brew, Craig Seebald, Paul R.

4  Griffin, Mona Solouki and James P. McCarthy have concurred in the filing of this

5  document.

6      Dated:  November 20, 2006            PILLSBURY WINTHROP SHAW PITTMAN LLP
                                            TERRENCE A. CALLAN
7                                           ALBERT J. BORO, JR.
                                            RYAN K. TAKEMOTO
8                                           50 Fremont Street
                                            San Francisco, CA  94105
9                                           (415) 983-1000 (Telephone)
                                            (415) 983-1200 (Facsimile)

10

11
                                    By:   /s/ Ryan K. Takemoto
12                                          Ryan K. Takemoto

13                                  Attorneys for Defendants Hynix Semiconductor Inc.
                                    and Hynix Semiconductor America Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

[~~PROPOSED~~] ORDER

2

      Based upon the stipulation of the parties, and for good cause shown, the foregoing is

3

hereby SO ORDERED:

4

5

Dated:   11/21/06
_____

6

7

Hon.
Unite

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
Case No. C-06-2917 PJH

1      EXHIBIT A

2

AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED IN
3                    THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5           The undersigned hereby acknowledges that he or she has read the attached

6      STIPULATION AND ORDER entered in the United States District Court for the Northern

7      District of California, in the litigation know as HONEYWELL INTERNATIONAL, INC.

8      v. HYNIX SEMICONDUCTOR, INC., ET AL, Case No. C 06-02917 PJH, and

9      understands the terms thereof and agrees to be bound by such terms.  The undersigned

10     further acknowledges and understands that a violation of the Protective Order could be

11     punishable as a contempt of court.

12

13     Dated:_____                _____

14

15                                                  _____

16                                                        [Type or Print Name]

17

18

19

20

21

22

23

24

25

26

27

28